UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| THREE GIRLS FISHING LLC and WESTERN WORLD INSURANCE GROUP As subrogee of THREE GIRLS FISHING LLC, Plaintiffs, | ) | CIVIL ACTION NO.: |
| v. | ) | |
| PAN AMERICAN POWER CORP., Defendant. | ) | |

**COMPLAINT AND JURY TRIAL DEMAND**

**PARTIES**

1. Plaintiff Three Girls Fishing LLC ("Three Girls") is a Maine Limited Liability Company with a principal place of business in Portland, Maine.

2. Plaintiff Western World Insurance Group ("WWI") is an insurance company incorporated in the New Jersey with a principal office located in Parsippany, New Jersey.

3. Defendant, Pan American Power Corp. ("Pan Am") is a Louisiana corporation with a principal office located in Covington, Louisiana.

**JURISDICTION AND VENUE**

4. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333. The Court has diversity jurisdiction within the meaning of 28 U.S.C. §1332.

5. Venue is proper in the District of Maine because Three Girls Fishing, LLC is a Maine limited liability company, most of the witnesses are within the District, the vessel involved is home-ported within the District and the subject engine was shipped to Maine to be installed in a commercial fishing vessel.

## FACTUAL BACKGROUND

6. Three Girls owns and operates a commercial fishing vessel named F/V THREE GIRLS (O.N. 609865) ("Vessel").

7. In June of 2020, Three Girls was in need of an engine for the Vessel.

8. Pan Am has over 30 years of providing used and rebuilt marine engines.

9. Pan Am boasts that rebuilding Caterpillar marine propulsion diesel engines are one of its specialties.

10. Three Girls was in contact with an agent of Pan Am for the purpose of finding a reconditioned engine for their Vessel.

11. Pan Am provided Three Girls with a quote for a reconditioned Caterpillar Model D3512 Marine Propulsion Engine that had a serial number of 37Z0958 which was converted to 66Q0958 ("Engine").

12. Pan AM knew that this Engine was to be placed in a commercial fishing vessel that was based in Portland, Maine and operated in the Atlantic Ocean.

13. Pan Am represented and agreed that the Engine would (a) meet Three Girls' specifications and quality in terms of being a safe and reliable Engine; (b) be suitable for the use in a commercial fishing vessel; and (c) be assembled to manufacturer's standards in terms of bolt torque settings and use of appropriate fasteners in the internal spaces of the Engine.

14. Three Girls agreed to the quote that had a purchase price of $90,000 and Pan Am supplied the Engine which was installed in the Vessel.

15. No written warranty was provided to Three Girls.

16. On July 24, 2022 while in the Atlantic Ocean, the Engine failed requiring the Vessel to be towed back to port.

17. On August 2, 2022, Pan Am was placed on notice that the Engine's crankshaft counterweight became unsecured from the crankshaft fasteners, subsequently causing severe damage to the Engine's internals. Pan Am was further informed that the preliminary inspection showed piston 5 and 6 to have damaged the piston skirts and that there were other loose counterweight fasteners as well as loose debris in the main oil sump.

18. Pan Am never responded to the notice which did invite Pan Am to investigate the loss.

19. On a subsequent inspection, Milton Cat inspected the engine and found the following:

    a. The crankshaft had been removed from the engine to be machined prior to being sold to Three Girls. The bolts were never properly torqued;

    b. The damper had been improperly installed and the damper mounting bolts were cross threaded in the crankshaft. These particular bolts had been modified to fit the crankshaft prior to being sold to Three Girls;

    c. The Engine had several workmanship issues and failures that predated Three Girls purchase;

    d. And other more specific issues as will be demonstrated at trial.

20. As a result of the damage, the engine had to be completely rebuilt.

21. The Vessel remained out of service from July 24, 2022 until January 6, 2023.

22. The cost to rebuild the Engine was $260,527.20 of which WWI paid $253,027.20 and Three Girls paid $7,500.

23. WWI is subrogated, to the extent of its payment of $253,027.20 in indemnity and $4,494.83 in expesnses, to the rights of Three Girls.

24. As a result of the Vessel being out of service, Three Girls suffered lost profits and other damages that exceeds $498,000.

**COUNT I**
**(Breach of Contract)**

25. Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

26. The sale of the Engine by Pan Am to Three Girls was a transaction for the sale of goods under Article 2 of the Maine Uniform Commercial Code.

27. Three Girls and Pan Am entered into contract pursuant to which, *inter alia,* Pan Am agreed to sell the Engine to Three Girls.

28. Pan Am breached its contractual obligations, including, but not limited to, by:

a. Failing to provide Three Girls with an engine of suitable quality and strength;

b. Providing Three Girls with an Engine with internal parts that were not properly torqued and were not proper components; and

c. Otherwise failing to provide Three Girls with a product that met Three Girls' specifications and quality standards.

29. As a result of Pan Am's actions, Three Girls' Engine failed.

30. As a result of Pan Am's breaches of contract, Three Girls suffered substantial damages, including, but not limited to, costs for the rebuilding of the engine, mitigation expenses and other incidental damages, consequential damages, including lost profits and other damages to be established at trial.

**COUNT II**
**(Breach of Express Warranty)**

31. Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

32. The representations and promises set forth in paragraph 11 above became part of the basis of the bargain between Three Girls and Pan Am and constitute express warranties that the Engine would confirm to these representations and promises.

33. Pan Am breached these express warranties because the Engine did not conform to the representations and promises made by Pan Am and did not possess the quality and fitness warranted by Pan Am.

34. As a result of these breaches of express warranty, Three Girls suffered substantial damages, including, but not limited to, costs for the rebuilding of the engine, mitigation expenses and other incidental damages, consequential damages, including lost profits and other damages to be established at trial.

**COUNT III**
**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

35. Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

36. Pan Am knew or had reason to know of the particular purposes for which Three Girls required the Engine.

37. Three Girls relied upon Pan Am's skill or judgment to select and/or furnish an engine suitable for the use in a commercial fishing vessel that operates out of Portland, Maine.

38. Pan Am knew or had reason to know that Three Girls was relying upon the skill and/or judgment of Pan Am.

39. Pan Am breached the implied warranty of fitness for a particular purpose because the Engine was not fit for Three Girls' particular purpose.

40. As a result of Pan Am's breach of the implied warranty of fitness for a particular purpose, Three Girls suffered substantial damages, including, but not limited to, costs for the rebuilding of the engine, mitigation expenses and other incidental damages, consequential damages, including lost profits and other damages to be established at trial.

**COUNT IV**
**(Breach of Implied Warranty of Merchantability)**

41. Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

42. At all times relevant to this Complaint, Pan Am was a merchant with respect to the sale of the Engine to Three Girls.

43. Pan Am breached the implied warranty of merchantability because the Engine was not fit for the ordinary purposes for which such products are used and/or was not of such quality as would pass without objection in the trade under the contract description.

44. As a result of Pan Am's breaches of the implied warranty of merchantability, Three Girls suffered substantial damages, including, but not limited to, costs for the rebuilding of the engine, mitigation expenses and other incidental damages, consequential damages, including lost profits and other damages to be established at trial.

**COUNT V**
**(Negligence)**

45. Plaintiff repeats and realleges the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

46. Pan Am owed a duty of care to Three Girls to rebuild and/or reconditioned the Engine in a manner that would render it suitable for use in the Vessel for commercial fishing in the Atlantic Ocean from Portland, Maine.

47. Pan Am breached the aforementioned duty of care owed to Three Girls by:

    a. Failing to provide Three Girls with an engine of suitable quality and strength;

    b. Providing Three Girls with an Engine with internal parts that were not properly torqued and were not proper components; and

    c. Otherwise failing to provide Three Girls with a product that met Three Girls' specifications and quality standards.

48. As a result of the aforementioned beaches of duty by Pan Am, Three Girls suffered substantial damages, including, but not limited to, costs for the rebuilding of the engine, mitigation expenses and other incidental damages, consequential damages, including lost profits and other damages to be established at trial.

WHEREFORE, Three Girls Fishing, LLC and Western World Insurance Co. as subrogee of Three Girls Fishing, LLC respectfully requests that this Honorable Court enter judgment in their favor and against Pan American Power Corp. awarding reasonable damages, together with costs, pre and post judgment interest, and such further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,
Plaintiffs
By its counsel,

/s/ David S. Smith

David S. Smith, Bar No.: 009270
FARRELL SMITH O'CONNELL
AARSHEIM APRANS, LLP
27 Congress St., Suite 109
Salem, MA 01970
978-744-8918 (Tel)
978-666-0383 (Fax)
dsmith@fsofirm.com

Dated: April 18, 2023