UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| THREE GIRLS FISHING LLC and | ) | |
| WESTERN WORLD INSURANCE GROUP | ) | |
| as subrogee of THREE GIRLS FISHING, LLC, | ) | CIVIL ACTION |
| Plaintiffs | ) | NO.: 2:23-cv-00175-NT |
| | ) | |
| v. | ) | |
| | ) | |
| PAN AMERICAN POWER CORP., | ) | |
| Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKLAND MARINE CORPORATION, and | ) | |
| TOMMY WOODWARD INCORPORATED | ) | |
| d/b/a COLUMBIA DIESEL CASTINGS | ) | |
| Third-Party Defendants | ) | |

**SUPPLEMENTAL AND AMENDING THIRD-
PARTY COMPLAINT AND JURY TRIAL DEMAND**

NOW COMES Defendant/Third-Party Plaintiff, Pan American Power Corporation ("Pan Am") and pursuant to Fed. Rule Civ. Proc. 14(a), files this Supplemental and Amending Third-Party Complaint and Jury Trial Demand to add Southworth-Milton Inc. d/b/a Milton CAT (hereinafter, "Milton CAT") and Fairhaven Shipyard Companies, Inc. ("Fairhaven Shipyard") as Third-Party Defendants, who are or might be liable to Pan Am for all or part of the alleged claims of Plaintiffs, Three Girls Fishing, LLC ("Three Girls"), and Western World Insurance Group, as subrogee of Three Girls Fishing, LLC. Pan Am supplements and amends its original Third-Party Complaint (Doc. No. 28) herein, and pleads as follows:

**PARTIES**

{B2084482.1}

1.      Pan Am is a Louisiana corporation with its place of business located in Covington, Louisiana.

2.      Third-Party Defendant, Rockland Marine Corporation, is a Maine corporation located at 79 Mechanic Street, Rockland, Maine 04841, offering a full-service shipyard and fabrication facility for its customers; and who is registered to do business within the State of Maine through its clerk and registered agent, Eric B. Morse, located at P.O. Box 248, Rockland, Maine 04841.

3.      Third-Party-Defendant, Tommy Woodward, Inc. d/b/a Columbia Diesel Castings, is a Mississippi corporation located at 1256 Highway 98 East, Columbia, Mississippi 39429, providing repair services for agricultural, industrial, gasoline, diesel and natural gas engines; and who is registered to do business in the State of Mississippi with a principal office located at 178 Old Sandy Hook Road, Sandy Hook, Mississippi 39478.

4.      Milton CAT, named as Third-Party Defendant herein, is a New Hampshire corporation with its principal office located in the Commonwealth of Massachusetts at 100 Quarry Rd., Milford, MA 01757, who is registered to do business within the State of Maine by and through its Clerk/Registered Agent, C. T. Corporation System, 3 Chase Ave., Augusta, ME 04330.

5.      Fairhaven Shipyard, named as Third-Party Defendant herein, is a Massachusetts corporation located at 50 Fort St., Fairhaven, MA 02719, who is registered to do business in the Commonwealth of Massachusetts by and through its Registered Agent, Michale A. Kehoe, Esq., Partridge Snow & Hahn, LLP, 128 Union St., Suite 500, New Bedford, MA 02740.

## JURISDICTION

6.      This court has admiralty and maritime jurisdiction within the meaning of Fed. Rule Civ. Proc. 9(h) of the and 28 U.S.C. sec. 1333.

{B2084482.1}                                    2

7.      This Court has diversity jurisdiction within the meaning of 28 U.S.C. sec. 1332.

8.      This Court has subject matter jurisdiction over this Supplemental and Amending Third-Party Complaint pursuant to Fed. Rule Civ. Proc. 9(h), (14(c), and the principles of ancillary jurisdiction.

## FACTS

9.      On or about April 24, 2023, the Plaintiffs, Three Girls Fishing, LLC, and Western World Insurance Group, as subrogee of Three Girls Fishing, LLC (collectively, "Plaintiffs") filed a Complaint and Jury Trial Demand against Pan Am ("the Complaint"), attached hereto as Exhibit A.

10.     Plaintiffs allege claims against Pan Am for breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability and negligence.  Exh. A at ¶¶ 22 – 48.

11.     Specifically, Plaintiffs allege that Three Girls contacted Pan Am for the purpose of finding a reconditioned engine for its vessel, the F/V THREE GIRLS ("Vessel").  Id. at ¶ 10.

12.     Plaintiffs allege that Pan Am reconditioned and sold Three Girls the subject engine, a Caterpillar Model D3512 ("Engine") for a purchase price of $90,000.00 and which was later installed on the Vessel.  Id. at ¶¶ 11, 14.

13.     Plaintiffs allege that the Engine failed on or about July 24, 2022, requiring the Vessel to be towed back to port. Specifically, Plaintiffs allege the Engine failed because the "crankshaft counterweight became unsecured from the crankshaft fasteners, subsequently causing severe damage to the Engine's internals," and because a preliminary inspection showed that pistons 5 and 6 damaged the piston skirts, along with other loose counterweight fasteners and loose debris in the main oil sump.  Id. at ¶¶ 16-17.

14.     Plaintiffs further allege that the crankshaft had been removed prior to the Engine being sold to Three Girls and the bolts were not properly torqued, and that the damper had been improperly installed and damper mounting bolts were cross-threaded in the crankshaft, along with other workmanship issues.  Id. at ¶ 19(a)-(d).

15.     Thus, Plaintiffs sued Pan Am for the aforementioned claims, seeking approximately $763,022.03 in damages. Id.

16.     Pan Am denies liability and alleges that if the Engine failed, it was not the result of any breach of contract, warranty, or negligent conduct by Pan Am, and instead was caused in whole or in part by the actions of third parties outside of Pan Am's control, supervision or responsibility.

### Engine Reconditioning and Purchase

17.     In June of 2020, Three Girls contacted Pan Am, stating that it owned a Vessel that needed a reconditioned diesel engine.

18.     Earlier in 2020, Pan Am had contracted with Columbia Diesel to repair the crankshaft for the Engine.

19.     On or about March 1, 2020, Pan Am shipped the Engine's crankshaft to Columbia Diesel's facility, located at 1256 Highway 98 East, Columbia, Mississippi, for Columbia Diesel to make the repairs to the crankshaft.

20.     On or about March 11, 2020, Columbia Diesel shipped the repaired crankshaft back to Pan Am's principal office in Louisiana.

21.     It was Columbia Diesel's duty to ensure that the crankshaft was properly torqued so that the Engine would run smoothly and not fail.

22.     It was the Columbia Diesel's duty to ensure that the crankshaft's counterweights were properly torqued so that the Engine would remain in suitable quality and strength and met the specifications and quality standards for similar recondition diesel engines in the industry.

23.     However, upon information and belief, Columbia Diesel breached these duties and was therefore negligent.

24.     Upon information and belief, Columbia Diesel's negligent workmanship and repair of the crankshaft for the Engine caused, in whole or in part, the Engine to fail as alleged by the Plaintiffs on or about July 24, 2022.

25.     In the event that Pan Am is found liable for any damages sustained by the Plaintiffs, then Columbia Diesel's negligent actions and inactions are the direct and sole proximate cause of the damages and losses.

26.     Based on its discussions with Three Girls, Pan Am selected the Engine, which was reconditioned by it, quoting Three Girls $90,000.00 for the purchase price.

27.     The Engine was sold to Three Girls on or about June 16, 2020, and shipped to Plaintiffs' address at 56 Harriet Street, South Portland, ME 04160, on or about July 10, 2020.

28.     Between the time when the subject crankshaft left Columbia Diesel's facility on March 11, 2020, and upon its arrival to Pan Am on March 11, 2020, to when the Engine was shipped from Pan Am to Three Girls on July 10, 2020, Pan Am made no alterations, modifications or changes to the crankshaft or other parts and work repaired by Columbia Diesel.

29.     Once Pan Am shipped the Engine to the Three Girls, there were no further duties owed by Pan Am to the Three Girls, and Pan Am was not responsible for installing the Engine or instructing Three Girls or anyone else on how to install the Engine.

30.     Pan Am shipped the reconditioned Engine to Three Girls with a warranty that included user responsibilities, which required the Three Girls to take oil samples and have a certified Caterpillar dealer perform a startup and provide a report to Pan Am to confirm it was installed properly.

### Installation

31.     Upon information and belief, Three Girls hired Rockland Marine to install the Engine on its Vessel; and Rockland Marine did, in fact, install the Engine on the Vessel sometime after July 2020.

32.     Rockland Marine owed a duty to Plaintiffs to ensure that the Engine was installed in accordance with industry standards and practices.

33.     However, upon information and belief, Rockland Marine's installation of the Engine resulted in poor-quality alignment, which contributed to excessive vibrations during the Engine's use and thus loosened the Engine's counterweights and/or additional parts.

34.     Further, upon information and belief, Rockland Marine's installation resulted in discrepancies between the driveshaft and propeller, causing vibrations throughout the Engine and drivetrain.

35.     Upon information and belief, Rockland Marine's negligent installation of the Engine caused, in whole or in part, the Engine to fail, as alleged by the Plaintiffs, on or about July 24, 2022.

36.     Milton CAT supervised, directed, and inspected the activities of Rockland Marine in installing the Engine.

37.     Milton CAT also performed its own work for the installation of the Engine, including but not limited to installing, connecting, adjusting, and testing components of the Engine, checking final shaft alignment, starting the Engine, and performing the sea trial.

38.     Milton CAT's crankshaft deflection checks, both hot and cold, Engine startup, and sea trial yielded successful results and demonstrated no abnormalities or errors in the Engine, including its crankshaft.

39.     Milton CAT owed a duty to Three Girls to ensure that the Engine was installed and performed in accordance with industry standards and practices.

40.     However, upon information and belief, Milton CAT breached this duty and was negligent when it failed to notice, detect, or correct the poor-quality alignment of the drivetrain, which caused excessive vibrations from the time of the Engine's initial use by Three Girls, thereby eventually loosening the Engine's counterweights and/or additional parts.

41.     Upon information and belief, Milton CAT's negligence further resulted in discrepancies between the driveshaft and propeller, aggravating already-existing vibrations throughout the Engine and drivetrain.

42.     Upon information and belief, Milton CAT's negligent supervision, direction, and installation of the Engine ultimately caused, in whole or in part, the Engine to fail, as alleged by the Plaintiffs, on or about July 24, 2022.

43.     Alternatively, Milton CAT's successful results obtained from its crankshaft deflection tests, Engine startup, and sea trial were correct, and the Engine and its components were in fact not defective, thereby relieving Pan Am of any liability to Three Girls.

44.     In the event that Pan Am is found liable for any damages sustained by the Plaintiffs, Milton CAT's negligent actions and inactions are the direct and sole proximate cause of Plaintiffs' damages and losses.

45.     At no time did Milton CAT, Rockland Marine, or Three Girls provide Pan Am with Milton CAT's startup report or oil samples to confirm that the Engine was installed properly, as was required for the Engine warranty issued by Pan Am to Three Girls.

### June 22, 2021, Incident

46.     On or about June 22, 2021, the captain of the F/V THREE GIRLS was operating the Vessel and noticed a severe vibration in the propeller area when he slowed to enter the Port of Boston.

47.     After a diver inspected the propeller and stern tube area, it was noted that the cutlass bearing in the stern tube had migrated forward into the stern tube.

48.     The Vessel was then towed from the Port of Boston to Fairhaven Shipyard in Fairhaven, Massachusetts, where Fairhaven Shipyard removed the rudder, propeller, propeller shaft, and cutlass bearing from the Vessel.

49.     Survey and inspection of these removed parts revealed: moderate deterioration of the nitrile rubber and deformation to the casing on the aft cutlass bearing, a hole on the forward end of the cutlass bearing as well as minor scoring of its outer casing; damage to the propeller shaft and propeller; two of the four machine screws used to secure the cutlass bearing in the stern tube were missing; and the forward hex head machine screw on the port side was protruding by 1/2 -inch from the stern tube.

50.     Fairhaven Shipyard performed repairs to the Vessel and its components parts, to wit:  purchased and installed a new cutlass bearing; inspected the intermediate shaft and machined

flange faces to fit with new propeller shaft; purchased, machined, and installed a new propeller shaft; and checked and reconditioned and reinstalled the propeller.

51.     Upon information and belief, at no time in the course of its repairs upon the Vessel did Fairhaven Shipyard inspect or evaluate the driveline to determine whether any other part of it might have been causing or contributing to the Vessel's severe vibration on June 22, 2021.

52.     Upon information and belief, at no time after making its repairs to the Vessel did Fairhaven Shipyard perform a final alignment to ensure that further vibrations were not transmitted throughout the driveline and its components.

53.     Upon information and belief, at no time after making its repairs to the Vessel did Fairhaven Shipyard perform a complete new torsional vibration analysis from propeller to power-take-off ("PTO"), to determine that the vibrations had resolved throughout the whole driveline.

54.     Fairhaven Shipyard owed a duty to Three Girls to not only repair the immediately-identified cutlass bearing, propeller shaft, propeller, and rudder, but to ensure that the severe vibration was not being caused by another part of the driveline; that the repair work it performed aligned with the rest of the Vessel's driveline; and that the vibration had not caused further damage to the driveline.

55.     Yet, upon information and belief, Fairhaven Shipyard breached those duties, and was therefore negligent.

56.     Upon information and belief, Fairhaven Shipyard's negligent actions and inactions in repairing the cutlass bearing, propeller shaft, propeller, and rudder, led to ongoing excessive vibrations during the Engine's use, eventually loosening Engine's counterweights and/or additional parts.

57.     Further, upon information and belief, Fairhaven Shipyard's negligent actions and inactions in repairing the cutlass bearing, propeller shaft, propeller, and rudder, resulted in discrepancies between the driveshaft and propeller, causing vibrations throughout the Engine and drivetrain.

58.     Upon information and belief, Fairhaven Shipyard's negligent actions and inactions in repairing the cutlass bearing, propeller shaft, propeller, and rudder, ultimately caused, in whole or in part, the Engine failure, as alleged by the Plaintiffs, on or about July 24, 2022.

59.     In the event that Pan Am is found liable for any damages sustained by the Plaintiffs, then Fairhaven Shipyard's negligent actions and inactions are the direct and sole proximate cause of Plaintiffs' damages and losses.

60.     The severe vibrations about which Three Girls' captain complained and which were the subject of the above-described repairs by Fairhaven Shipyard were subsequently determined to have been caused by earlier repair errors made by Third-Party Defendant, Rockland Marine.

61.     As a matter of fact, Three Girls made an insurance claim against Rockland Marine arising from the June 22, 2021, incident, damage, and losses, which claim was paid by Rockland Marine's insurer.

62.     Rockland Marine owed a duty to Three Girls to ensure that the rudder, propeller, propeller shaft, and cutlass bearing were repaired in accordance with industry standards and practices.

63.     However, Rockland Marine's repairs to the rudder, propeller, propeller shaft, and cutlass bearing were faulty and created excessive vibrations during the Engine's use; which, upon information and belief, eventually loosened the Engine's counterweights and/or additional parts.

64.     Further, upon information and belief, Rockland Marine's faulty repairs to the rudder, propeller, propeller shaft, and cutlass bearing resulted in discrepancies between the driveshaft and propeller, causing vibrations throughout the Engine and drivetrain.

65.     Upon information and belief, Rockland Marine's negligent repairs of the rudder, propeller, propeller shaft, and cutlass bearing ultimately caused, in whole or in part, the Engine failure, as alleged by the Plaintiffs, on or about July 24, 2022.

66.     In the event that Pan Am is found liable for any damages sustained by the Plaintiffs, then Rockland Marine's negligent actions and inactions on this basis are the direct and sole proximate cause of Plaintiffs' damages and losses.

### November 2021 Service and June 2022 Engine Failure

67.     On or about November 21, 2021, Three Girls called Milton CAT to the Vessel to remove the front crankshaft damper so that Three Girls could remove the front PTO assembly.

68.     In performing the requested service on or about November 22, 2021, Milton CAT allegedly found that two (2) of the six (6) bolts holding the damper onto the crankshaft were "stripped out" and not installed straight; and that the drive ring was not properly indexed onto the front of the crankshaft.

69.     Three Girls cut the heads off of the two (2) bolts so that the drive ring and damper could be removed and removed the two (2) bolts, without drilling.  Three Girls further took it upon itself to tap out and clean the two (2) bolt holes.

70.     On or about November 24, 2021, Milton CAT inspected the tapped-out bolt holes and found that one was tapped out crooked by Three Girls.  Milton CAT recommended that the hole should be drilled out straight and inserted; however, Three Girls opted not to do so.

71.     Milton CAT reinstalled the original damper onto the crankshaft with all new bolts, which were supplied by Three Girls.  Upon information and belief, these new bolts were seven (7)-inches long instead of the original ten (10)-inches long.

72.     The Vessel ran for eight (8) more months, until the Engine failed, as alleged by the Plaintiffs, on or about July 24, 2022.

73.     On or about August 17, 2022, Milton CAT met with Three Girls on the Vessel, purportedly to look over parts of the Engine after its failure.

74.     As reflected in Milton CAT's Service Report dated August 17, 2022, it opined that:

> … the bolts that hold weight to crankshaft had loosened up and had fallen out. Found that there are other counterweights that have loose fasteners as well.  #6 counterweight bolts are fingur [sic] tight.  Also found some 3/8-1" bolts that were never properly torqued.  Crankshaft had been removed from engine to be machined prior to being sold to current owner.
>
> On 11/21 (SCR0633203) We were called to the vessel to remove the front crankshaft damper so customer could remove front PTO assembly.  At this time we found that the damper had been improperly installed and the damper mounting bolts were cross threaded in the crankshaft.  Technician obviously knew something was not right because bolts had been modified to fit.  Pictures were taken at time of removal.

75.     Milton CAT's August 17, 2022, Service Report further contained the following: "Cause of Failure:  Loose bolts" and "Resultant Damage:  Counterweights falling off crankshaft."

76.     Insofar as Milton CAT removed, inspected, and reinstalled the crankshaft damper and its bolts in November 2021, it owed Three Girls a duty to ensure that all such work was performed in accordance with industry standards and practices; that its findings and recommendations were accurate; and that the reinstalled damper and bolts met performance and quality expectations.

{B2084482.1}                                12

77.    Insofar as Milton CAT has determined that an alleged improperly-installed crankshaft damper and cross-threaded mounting bolts would have created excessive vibration that ultimately caused the Engine failure, then, upon information and belief, during its work on the crankshaft damper in November 2021, Milton CAT:

- failed to require Three Girls to drill out straight the bolt hole in the damper that Three Girls had, itself, tapped out crooked;

- failed to install a new damper, and instead reused the original "defective" one;

- failed to require Three Girls to use ten (10)-inch bolts as were originally used on the damper, and instead used the seven (7)-inch bolts that Three Girls provided;

- failed to conduct a torsional vibration analysis;

- failed to inspect the Engine and other parts of the driveline for potential damage;

- failed to consider the "severe vibration" issues that the Vessel experienced in June 2021.

78.    Upon information and belief, the work that Milton CAT performed in November 2021 relevant to the removal, inspection, and reinstallation of the crankshaft damper and its bolts was faulty and created and/or failed to prevent excessive vibrations throughout the Engine and drivetrain during the Engine's use, eventually loosening the Engine's counterweights and/or additional parts.

79.    Upon information and belief, Milton CAT's negligent work relevant to the removal, inspection, and reinstallation of the crankshaft damper and its bolts ultimately caused, in whole or in part, the Engine failure, as alleged by the Plaintiffs, on or about July 24, 2022.

80.    In the event that Pan Am is found liable for any damages sustained by the Plaintiffs, Milton CAT's negligent actions and inactions on this basis are the direct and sole proximate cause of Plaintiffs' damages and losses.

### COUNT I:  Indemnity (Express and Implied)

#### *Pan Am v. Columbia Diesel*

81.     Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 80 of the Supplemental and Amending Third-Party Complaint as if fully set herein, *in extenso*.

82.     Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

83.     Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

84.     However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Columbia Diesel, is contractually and/or equitably responsible to indemnify Pan Am, where Columbia Diesel's negligent repair of the Engine's crankshaft caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Columbia Diesel must be held responsible and indemnify Pan Am for any damages pursuant to principles of express and/or implied indemnity.

## COUNT II:  Contribution
### *Pan Am v. Columbia Diesel*

85.     Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 84 of the Supplemental and Amending Third-Party Complaint as if fully set herein.

86.     Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

87.     Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

88.     However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Columbia Diesel, is responsible for Plaintiffs'

alleged damages where Columbia Diesel's negligent repair of the Engine's crankshaft caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022, pursuant to principles of contribution.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Columbia Diesel must be held responsible for any damages pursuant to principles of contribution.

## COUNT III:  Indemnity (Implied)
### *Pan Am v. Rockland Marine*

89.     Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 88 of the Third-Party Complaint as if fully set herein.

90.     The Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

91.     Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

92.     However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Rockland Marine, is impliedly or equitably responsible to indemnify Pan Am where Rockland Marine's negligent installation of the Engine on the Plaintiffs' Vessel, and/or negligent repairs to the rudder, propeller, propeller shaft, and cutlass bearing, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Rockland Marine must be held responsible and indemnify Pan Am for any damages pursuant to principles of equitable/implied indemnity.

## COUNT IV:  Contribution

*Pan Am v. Rockland Marine*

93.    Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 92 of the Supplemental and Amending Third-Party Complaint, as if fully set herein, *in extenso*.

94.    Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

95.    Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

96.    However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Rockland Marine, is responsible for Plaintiffs' alleged damages where Rockland Marine's negligent installation of the Engine on the Plaintiffs' Vessel, and/or negligent repairs to the rudder, propeller, propeller shaft, and cutlass bearing, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Rockland Marine must be held responsible for any damages pursuant to principles of contribution.

## COUNT V:  Indemnity (Implied)
### *Pan Am v. Milton CAT*

97.    Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 96 of the Third-Party Complaint as if fully set herein.

98.    Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

99.    Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

100.    However, to the extent that Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Milton CAT, is impliedly or equitably

responsible to indemnify Pan Am where Milton CAT's negligent supervision, direction, inspection, and installation of the Engine on the Plaintiffs' Vessel, and/or negligent work relevant to the removal, inspection, and reinstallation of the crankshaft damper and its bolts, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Milton CAT must be held responsible and indemnify Pan Am for any damages pursuant to principles of equitable/implied indemnity.

## COUNT VI:  Contribution
### *Pan Am v. Milton CAT*

101.    Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 100 of the Supplemental and Amending Third-Party Complaint, as if fully set herein, *in extenso*.

102.    The Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

103.    Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

104.    However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Milton CAT, is responsible for Plaintiffs' alleged damages where Milton CAT's negligent supervision, direction, inspection, and installation of the Engine on the Plaintiffs' Vessel, and/or negligent work relevant to the removal, inspection, and reinstallation of the crankshaft damper and its bolts, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Milton CAT must be held responsible for any damages pursuant to principles of contribution.

## COUNT VII:  Indemnity (Implied)

### *Pan Am v. Fairhaven Shipyard*

105.    Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 104 of the Third-Party Complaint as if fully set herein.

106.    The Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

107.    Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

108.    However, to the extent that Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Fairhaven Shipyard, is impliedly or equitably responsible to indemnify Pan Am where Fairhaven Shipyard's negligent actions and inactions in repairing the cutlass bearing, propeller shaft, propeller, and rudder, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Fairhaven Shipyard must be held responsible and indemnify Pan Am for any damages pursuant to principles of equitable/implied indemnity.

## COUNT VIII:  Contribution

### *Pan Am v. Fairhaven Shipyard*

109.    Pan Am repeats and reasserts the allegations contained in Paragraphs 1 through 108 of the Supplemental and Amending Third-Party Complaint, as if fully set herein, *in extenso*.

110.    Plaintiffs allege in their Complaint that Pan Am is responsible for the alleged failure of the Engine on July 24, 2022, resulting in damages in the form of economic losses.

111.    Pan Am denies it is liable to Plaintiffs on all counts asserted against it.

112.    However, to the extent Pan Am is found liable to Plaintiffs for any or all of their alleged damages, then Third-Party Defendant, Fairhaven Shipyard, is responsible for Plaintiffs' alleged damages where Fairhaven Shipyard's negligent actions and inactions in repairing the cutlass bearing, propeller shaft, propeller, and rudder, caused or substantially contributed, in whole or in part, to the Engine's failure on July 24, 2022.

WHEREFORE, Pan Am requests that if it is determined to be responsible for any damages sustained by Plaintiffs, that Fairhaven Shipyard must be held responsible for any damages pursuant to principles of contribution.

WHEREFORE, the Defendant/Third-Party Plaintiff, Pan Am, demands judgments against Third-Party Defendants, Rockland Marine, Columbia Diesel, Milton CAT, and Fairhaven Shipyard, for all sums which may be adjudged against Pan Am as Defendant/Third-Party Plaintiff and in favor of Plaintiffs, together with costs of suit, and for all such other and further relief as the Court deems appropriate in this action.

**A jury trial on any issue triable of right by a jury is demanded.**

Respectfully submitted,

THE DEFENDANT/THIRD-PARTY PLAINTIFF,
PAN AMERICAN POWER CORP.,
BY ITS ATTORNEYS,

DATE: 3/29/2024          */s/ Joseph P. Mendes*
Michael P. Johnson, Bar No. 4101
mjohnson@boyleshaughnessy.com
Joseph P. Mendes, Bar No. 5449
jmendes@boyleshaughnessy.com
Boyle | Shaughnessy Law, PC
254 Commercial Street, Suite 245
Merrill's Wharf
Portland, ME 04101-4664
T: 207-331-4360

DATE: 3/29/2024

*/s/ Lawrence E. Abbott*
Lawrence E. Abbott, *pro hac vice*
Cotton Schmidt, LLP
650 Poydras Street, Suite 1950
New Orleans, LA 70130
labbott@cottenschmidt.com
T: 504-568-9393

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this 29th day of March, 2024 served a copy of the foregoing document to all counsel of record in this action via the court's electronic filing system, as follows:

*Counsel for Plaintiff*
David S. Smith, Esq.
Farrell Smith O'Connell
27 Congress St., Ste. 109
Salem, MA 01970
dsmith@fsofirm.com

*Counsel for Third-Party Defendant, Rockland Marine Corporation*
Seth S. Holbrook Esq.
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
sholbrook@holbrookmurphy.com

*Counsel for Third-Party Defendant, Columbia Diesel*
John R. Veilleux, Esq.
Brad A. Pattershall, Esq.
Norman, Hanson & DeTroy, LLC
Two Canal Plaza
PO Box 4600
Portland, ME 04112
jveilleux@nhdlaw.com
bpattershall@nhdlaw.com

*/s/ Joseph P. Mendes*
_____
Michael P. Johnson, Bar No. 4101
Joseph P. Mendes, Bar No. 5449